David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Brenda Sue Shelley*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA SUE SHELLEY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CREDIT SYSTEMS, INC, <br><br> Defendant. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, Plaintiff Brenda Sue Shelley, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer

debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Brenda Sue Shelley ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Credit Systems, Inc ("NCS") is headquartered in Georgia and is doing business in the State of Nevada.

6. Upon information and belief, NCS is licensed as a "debt collector", is in the business of purchasing debts owed to third parties or collecting debts owed to third parties, and regularly attempts to collect those debts.

7. NCS uses mail, credit reporting, and instrumentalities of interstate commerce in its attempts to collect debts either owed to another creditor or purchased from another creditor, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation ("Debt") to Copper Creek Apartments, LLC ("Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

11. NCS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **NCS Engages in Harassment and Abusive Tactics**

**FACTS**

12. Plaintiff never resided in any complex owned or managed by an entity named Copper Creek Apartments.

13. Upon information and belief, NCS was attempting to collect a debt owed by a "Brenda B. Shelley."

14. Plaintiff is not, and never has been "Brenda B. Shelley."

15. Plaintiff's middle initial is "S" for "Sue", not "B".

16. Further, Plaintiff filed bankruptcy in the District of Nevada, case 21-11894-mkn ("Bankruptcy"), on April 15, 2021, and received a discharge July 19, 2021.

17. Although the Debt did not belong to Plaintiff, even if it was Plaintiff's Debt as maintained by NCS, it was discharged in the Bankruptcy in July 2021.

18. Despite the Debt not belonging to Plaintiff and otherwise having been discharged, NSC attempted to collect the Debt from Plaintiff.

19. Specifically, NCS sent Plaintiff a letter, dated February 7, 2022, in which it attempted to collect the Debt from Plaintiff.  Notably, the letter was addressed to Brenda B. Shelley rather than Plaintiff (Brenda Sue Shelley), and was sent to a family friend in Fort Scott, Kansas, an address Plaintiff believes she used for a credit card.

20. However, since Plaintiff simply was not liable for the Debt, it was illegal for NCS to send Plaintiff any collection letter at any address, or make any other attempt to collect on it.

**C. <u>Plaintiff Suffered Actual Damages</u>**

21. Plaintiff has suffered and continues to suffer actual damages as a result of NCS's unlawful conduct.

22. As a direct consequence of NCS's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

23. Plaintiff is also concerned she will now be harassed for any debt owed

by any Brenda Shelley, regardless of whether the Debt was hers.

# COUNT I
# VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

26. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

27. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

28. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

29. Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

30. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

31. Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. Plaintiff is entitled to damages as a result of Defendant's violations.

34. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

## **COUNT I.**

## **VIOLATIONS OF 15 U.S.C. § 1692**

1. actual damages including, but not limited to, the emotional distress

Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

4. any other and further relief the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 4, 2022

Respectfully submitted,

By /s/ David Krieger, Esq.
David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com